# PEOPLE OF PORTO RICO

*v.*

# FORTUNA ESTATES.

---

San Juan, Law, No. 1191.

DEMURRER AS TO JOINDER.

Demurrer—General.
    1. A general demurrer will not be considered.

People of Porto Rico v. Fortuna Estates.

Reivindicación—Property and Damages.
>    2. Under the Porto Rico Code of Civil Procedure, damages may
>    be joined with a claim for recovery of property.

Misjoinder—Insufficient Allegation.
>    3. Insufficiency in allegations cannot be claimed under a demurrer
>    for misjoinder.

Amendment—Omission of Party.
>    4. Where a case from the insular court is rewritten to conform
>    to Federal practice a party may be omitted, as this is a species of
>    amendment.

Opinion filed March 27, 1918.

*Mr. H. L. Kern,* Attorney General, for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The first and second demurrers filed amount to a general demurrer, and moreover seem to be waived by not being discussed in the brief filed in the cause.

2. The next is that several causes of action have been improperly united, and this seems to go upon the ground that the complaint asks for possession and damages. The prayer of the complaint is for surrender of possession of the property to plaintiff as the legal owner possessed of a full dominion title, and for damages for unlawful holding, and for rents and profits. This would be in the nature of a claim of reivindicación, and corresponds to the action known at common law as ejectment or suit to try title. It cannot be considered, in view of this prayer, as one of unlawful detainer under Garcia v.

Brignoni, 22 P. R. R. 331. According to the Porto Rico Code of Civil Procedure, § 104 (2), there may be joined "claims to recover specific real property with or without damages for the withholding thereof . . . and the rents and profits of the same." [Compilation 1911, § 5088.] This expressly authorizes joinder of a suit for property and for damages. There is therefore no misjoinder of causes.

3. The defendant further sets up that the complaint must state in dollars and cents the amount of damages claimed under § 103 of the Code of Civil Procedure. This may be true, but is not one of the grounds of demurrer, and therefore cannot be considered. The same may be said of the addition of a prayer for general relief as in equity. The defect as to this, if any, is not in misjoinder of causes of action, that is to say, of causes at law; but the remedy would be a motion to strike an allegation which does not belong in an action at law, no matter what causes are joined.

4. The demurrer further claims that there is a misjoinder of parties plaintiff. From the argument this seems to be a misprint and should be a misjoinder of parties defendant, for it is set out that F. T. Maxwell was an original defendant, and is not mentioned in the reformed complaint. The defect, if any, therefore, is not a misjoinder of parties, whether plaintiff or defendant, but a nonjoinder of a party whom the defendant claims should be a party defendant. Even so, however, the omission of this defendant from the reformed complaint amounts to an amendment of the proceeding so as to omit him wholly as a party. As the rules of this court direct that the complaint as filed in the insular court shall be rewritten to conform to the practice of this court, no reason is

perceived why any proper amendment of the complaint should not be made at the same time. Of course if a departure or an improper amendment is made, it .could be reached by appropriate proceedings. The addition or omission of parties is a recognized method of amendment.

The demurrer therefore must be overruled.

It is so ordered.